UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBIN WEISS AND ANDREW SCHAUS,

                Plaintiffs,

v.                                                                    Civil Action No.

SALLIE MAE, INC.,

                Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

III. PARTIES

4. Plaintiff, Robin Weiss, is a natural person residing in County of Niagara and State of New York.

5. Plaintiff, Andrew Schaus is a natural person residing in County of Niagara and State of New York.

6. Defendant, Sallie Mae, Inc., is a foreign business corporation organized under the laws of Delaware doing business in the State of New York

7. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff incurred a student loan debt to Defendant. Said student loan will be referred to as "the subject debt" in this complaint.

17. Plaintiff thereafter defaulted on the subject debt.

18. In or about June 2011, Defendant began calling Plaintiff, Robin Weiss on her cellular telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

19. That Plaintiff Robin Weiss never gave consent to Defendant to call her cellular telephone.

20. Many if not all of the above-mentioned telephone calls were made using an automatic dialing machine wherein Defendant left artificial and/or prerecorded voiced messages.

21. That during the time Plaintiff Robin Weiss first started receiving calls from the Defendant, she spoke to a live representative and instructed them to not call her on her cellular telephone.

22. That Defendant continues to call Plaintiff Robin Weiss on her cellular telephone despite not having her prior express consent to do so as well as her instructions to cease calling her.

23. In or about June, 2011, Defendant also began calling Plaintiff, Andrew Schaus, on his cellular telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

24. That Plaintiff Andrew Schaus never gave consent to Defendant to call his cellular telephone.

25. Many if not all of the above-mentioned telephone calls were made using an automatic dialing machine wherein Defendant left artificial and/or prerecorded voiced messages.

26. That during the time Plaintiff Andrew Schaus first started receiving calls from the Defendant, he spoke to a live representative and instructed them to not call him on his cellular telephone.

27. That through January 2013, Defendant continued to call Plaintiff Andrew Schaus on his cellular telephone despite not having his prior express consent to do so as well as his instructions to cease calling him

28. As a result of the foregoing, Plaintiffs became nervous, upset, and suffered from emotional distress.

V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 14.1200, et seq.)

29. Plaintiffs repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

30. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227,

et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiffs to make such calls and leave such messages.

31. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiffs to pay the alleged debt and to harass him.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and disturbed his peace and tranquility at home and elsewhere.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

37. Plaintiffs received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiffs to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(d)(3)(B),

38. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiffs to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(d)(3).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3).

(c) Treble damages pursuant to 47 U.S.C. §227(d)(3);

(d) For such other and further relief as may be just and proper.

Dated: June 28, 2013

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
(716) 332-1884 fax
Email: sandrews@kennethhiller.com
        khiller@kennethhiller.com

Case 1:13-cv-00689-LJV   Document 1   Filed 06/28/13   Page 7 of 7